UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____
                                                    )
IN RE YASMIN AND YAZ (DROSPIRENONE)    )    3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND            )
PRODUCTS LIABILITY LITIGATION                )         MDL No. 2100
_____     )

**This Document Relates to:**
_____

*Charese Shadwick v. Bayer A.G.*, et al. No. 3:11-cv-12605-DRH-PMF

_____

# ORDER

## INTRODUCTION

On or about July 11, 2011, plaintiff filed a complaint in the Circuit Court of Madison County, Illinois asserting personal injury claims relating to the prescription pharmaceutical product YAZ (Doc. 2-2). Plaintiff's claims are directed against several Bayer entities (collectively Bayer) and the sole non-diverse defendant Walgreen Co. (Both plaintiff and Walgreen Co. are citizens of Illinois). *Id*. The properly served Bayer defendants removed the action on August 12, 2011 arguing that defendant Walgreen had been fraudulently joined (Doc. 2). On August 15, 2011, Bayer HealthCare Pharmaceuticals Inc. answered the complaint (Doc. 3). Two days later, plaintiff, without explanation, filed a motion to dismiss her action without prejudice pursuant to Federal Rule of Civil Procedure 41.

Bayer opposes plaintiff's motion for voluntary dismissal. Bayer contends that plaintiff is attempting to frustrate diversity jurisdiction[1] and that Bayer will suffer "plain legal prejudice" if plaintiff's motion to dismiss is granted Specifically, Bayer contends that plaintiff is only seeking a dismissal in order to re-file her action in state court, thereby obtaining a second opportunity to plead around federal jurisdiction. Bayer also contends that a dismissal would deprive Bayer of a ruling on the issue of fraudulent joinder.

Plaintiff responds, arguing that, given the infancy of this case and the absence of excessive delay or lack of diligence on the part of the plaintiff, dismissal will not legally prejudice Bayer. In addition, plaintiff argues that less extreme measures – such as the imposition of taxable costs – would adequately address any arguable prejudice.

## ANALYSIS

When sought after a defendant has filed an answer, voluntary dismissal may be obtained only "upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). "[T]he allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of right, but is discretionary with the District Court both as to whether a dismissal shall be

---

[1] Specifically, Bayer contends that plaintiff is attempting to frustrate federal jurisdiction by fraudulently joining a pharmacy defendant and attempting to plead around the amount in controversy requirement. Bayer also notes that counsel for plaintiff previously attempted the same maneuver in a different case in this MDL. *See Walton v. Bayer*, 643 F.3d 994 (7th Cir. 2011).

allowed as well as to the terms and conditions to be imposed if allowed." *Adney v. Miss. Lime Co. of Mo.*, 241 F.2d 43, 45-46 (7th Cir.1957).

Generally, a voluntary dismissal without prejudice should be allowed unless the opposing party will suffer "plain legal prejudice". *Stern v. Barnett*, 452 F.2d 211(7th Cir. 1971). Four factors are used to guide the determination of whether a defendant will suffer plain legal prejudice: "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] the fact that a motion for summary judgment has been filed by the defendant." *Outboard Marine*, 789 F.2d at 502 (*quoting Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir.1969).

Here, the plaintiff's case is in the relatively early stages of litigation, there has not been a lack of diligence on the part of the Plaintiff, and a summary judgment motion has not been filed. Thus, the first, second, and fourth factors favor the plaintiff. Plaintiff, however, has not offered an explanation for the need to take a dismissal which tends to support the contention that the plaintiff is attempting to manipulate the federal forum. Accordingly, the third factor favors defendants.

Bayer also raises an argument with regard to the prejudice that will allegedly result if this action is simply re-filed in state court. The Seventh Circuit has held that the mere prospect of a second lawsuit in state court does not constitute plain legal prejudice and is therefore not grounds for denying a motion

for voluntary dismissal under Rule 41(a)(2).  *See e.g. Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir.1983) ("the prospect of a second lawsuit or the creation of a tactical advantage is insufficient to justify denying the plaintiff's motion to dismiss."); *Stern v. Barnett*, 452 F.2d 211 (7th Cir. 1971) ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." ); *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337-38 (7th Cir.1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court).[2]

Considering the above, the Court concludes that the prospect of plaintiff re-filing the instant action in state court will not result in plain legal prejudice to Bayer.  In addition, on balance, the factors outlined in *Pace*, favor dismissal of the action and do not support a finding of plain legal prejudice.

## CONCLUSION

The Court's authority to set terms and conditions for voluntary dismissal is commensurate with its duty to protect defendant from unfair legal prejudice through the unfair use of voluntary dismissal.  Such prejudice is not present under the circumstances of this case and accordingly, the Court will grant

---

[2]  Plain legal prejudice is present where dismissal without prejudice would strip defendant of an absolute defense.  *See Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed.Appx. 498, 500 (7th Cir. 2007).  Here, there is no indication that dismissal would deprive Bayer of an absolute defense.

plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2). However, Bayer's argument with regard to the alleged manipulation of federal jurisdiction has not gone unnoticed. Should this action subsequently appear in this litigation, the Court will consider whether remedial action – such as the imposition of costs – is warranted.

For the foregoing reasons, the Court **GRANTS** plaintiff's motion for voluntary dismissal without prejudice.

**IT IS SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.09.27 14:21:47 -05'00'

**Chief Judge**
**United States District Court**                              DATE:  September 27, 2001